*Edward F. Malloy,* Assistant City Solicitor, for defendants.

241 A.2d 284.

BERNARD J. WARD *vs.* MARY AVERY BRAMAN WARD.

APRIL 26, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This petition for a writ of certiorari was brought by Mary Avery Braman Ward, of West Kingstown, Rhode Island, hereinafter referred to as respondent, and her parents, Roger and Jean Braman, to review an order entered on September 21, 1967, by a justice of the family court in Providence, and to stay all proceedings in said cause until this court determines the validity of such order. On September 27, 1967, we granted the stay and on October 31, 1967, we ordered the writ to issue. Pursuant thereto the pertinent records have been certified to this court.

It appears therefrom that in April 1967 Bernard J. Ward, hereinafter referred to as petitioner, filed a petition for legal separation against respondent in the family court in Washington County. He prayed for relief against respondent and her parents. The petition for certiorari alleges that respondent's parents were never served with any process or named as parties respondent. On April 18, 1967, an order was entered by a justice of the family court in Washington County restraining respondent and her parents from molesting or interfering with petitioner.

On May 24, 1967, after a hearing before another justice of the family court in Providence County, a decree was entered awarding the use of the marital domicile to the parties jointly, and restraining each of them from interfering with or annoying each other. The order entered on April 18, 1967, was continued in full force and effect.

On September 7, 1967, respondent filed various motions in the family court in Washington County for a hearing on September 25, 1967, before the justice sitting in that county.

Then, on September 21, 1967, petitioner brought an ex parte motion in the family court in Providence County before the justice who entered the May 24, 1967 decree. The motion contained a prayer to adjudge respondent and her parents in contempt on the ground that, among other things, they had shut off the water supply in the marital domicile. It also contained a prayer that it be assigned for hearing before the family court in Providence County on September 29, 1967. On the same day an order dated September 21, 1967 was entered by the family court justice in Providence ordering respondent or her parents to turn on or supply water to the marital domicile. The clerk of the family court in Washington County was directed to forward all papers in the case to the clerk of the family court in Providence. The motion was assigned for hearing in Providence on September 29, 1967.

On September 22, 1967, respondent's attorney received a letter from petitioner's attorney stating that the latter would not be able to attend the motion calendar in Washington County on September 25, 1967. The letter also contained a copy of the motion and order granted on September 21, 1967, by the family court justice in Providence.

The narrow issue raised in this proceeding involves the validity of the order entered on September 21, 1967. The respondent challenges the validity of this order on the grounds: that it is void for lack of notice; that it is contrary to the rules of practice and orders of the family court; that it improperly granted relief not requested by petitioner's motion; and that it violated the jurisdiction of the family court.

The respondent argues that the order, in effect, deprived her from being heard on her motion set down for hearing on September 25, 1967, in Washington County and excused petitioner's counsel from appearing before the family court on that day. She further argues that petitioner moved only for assignment of his motion for contempt to the family court in Providence County; that nowhere in his motion does petitioner make mention of respondent's motion which was scheduled for hearing on September 25, 1967 in Washington County; and that there is no provision in the rules of practice and orders of the family court allowing a justice of that court to take such actions "sua sponte."

The petitioner, in his memorandum in opposition to the petition for the writ of certiorari, states that he was unable to attend and contest respondent's motion which was scheduled to be heard on September 25, 1967, because he was engaged in a trial in the superior court for a full week prior to that date. He also states therein that he notified respondent's counsel and the family court justice of this fact. He argues that in such circumstances his actual engagement at trial in the superior court made it unnecessary for him

to obtain a written order excusing him from attendance at the family court on September 25, 1967.

Although we have stated the opposing contentions of the parties in some detail, we do not believe that a resolution of this proceeding requires any extensive discussion. It seems to us that respondent's real complaint here relates to the vacation of the September 25, 1967 hearing. This being so, even if we were to hold that the family court justice erred in vacating that assignment, it will be of no help to respondent at this time. In the circumstances, in view of our order staying all proceedings, this question has become moot and there is no reason for considering the issue further at this time. On this record we do not reach the question of the authority of a family court justice sitting in Providence to transfer papers by ex parte motion from another county to Providence.

This brings us to respondent's contention that the family court lacked jurisdiction to issue a restraining order against her parents because they are not proper parties in the divorce proceedings. The petitioner admits that although the petition contains a prayer for a citation to issue ordering respondent's parents to appear before the family court, no citation had ever in fact been served on them. In the circumstances, even though they appeared as witnesses at the hearing on May 12, 1967, since they were not named as parties-respondent and since they were never served with a citation, the family court had no jurisdiction to enter any order against them.

The petition for certiorari is granted in part, the order entered by the family court on September 21, 1967 is quashed, insofar as it applies to Roger and Jean Braman, and the records certified to this court are ordered sent back to the family court for further proceedings.

*Kirshenbaum & Kirshenbaum, Isidore Kirshenbaum,* for petitioner.

*Corcoran, Peckham & Hayes, Patrick O'N. Hayes,* for respondent.